**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1688
_____

JORGE CAMACHO CABRERA,
                                             Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(Agency No. A216-652-385)
Immigration Judge: Mirlande Tadal
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 17, 2024

Before: JORDAN, BIBAS, and AMBRO, *Circuit Judges*

(Filed: February 9, 2024)
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

Jorge Camacho Cabrera is a native and citizen of Mexico. He entered the United States

illegally in 2006 and stayed here. In 2020, he was arrested for assaulting his live-in

_____

\* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

girlfriend. The government then began removal proceedings (though later the domestic-violence charge was dropped). Camacho sought cancellation of removal, claiming that removing him would cause his teenage daughter exceptional and extremely unusual hardship. The immigration judge ordered him removed, finding that he had not shown good moral character given his history of domestic violence, violating a release order, and possibly not paying taxes. The judge also found that any hardship to his daughter would not be exceptional or extremely unusual: he has not lived with her since she was a baby, she is a U.S. citizen, and she can continue to live here with her mother. The Board of Immigration Appeals then affirmed.

After that, Camacho's daughter grew increasingly depressed, did poorly in school, started cutting herself, and was twice hospitalized after attempting suicide. A year after the Board's affirmance and almost six months after her first hospitalization, Camacho moved to reopen the case. The Board denied his motion. It noted that his motion was well past the ninety-day window for such motions and that the hardship to Camacho's family was not exceptional. He now petitions for review.

We review the denial of a motion to reopen for abuse of discretion and will reverse if it is "arbitrary, irrational, or contrary to law." *Fadiga v. Att'y Gen.*, 488 F.3d 142, 153 (3d Cir. 2007) (internal quotation marks omitted). And we review the Board's legal conclusions de novo. *Roye v. Att'y Gen.*, 693 F.3d 333, 339 (3d Cir. 2012).

The Board has jurisdiction to adjudicate a motion to reopen proceedings. It "may at any time reopen or reconsider a case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). But it exercises this authority "sparingly" and only in "truly exceptional situations." *In re*

2

*G-D-*, 22 I. & N. Dec. 1132, 1133–34 (B.I.A. 1999). Even then, it need not choose to reopen. *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 650 (3d Cir. 2017).

When the Board declines to exercise its discretion to reopen sua sponte, that decision is "functionally unreviewable." *Id.* at 651. So we can review it in only two circumstances, neither of which is present here.

First, the Board did not rely on an "incorrect legal premise." *Id.* Camacho claims that it did so by wrongly holding that he had not shown that he was prima facie eligible for cancellation of removal. But though the Board mentioned that Camacho lacked a prima facie case, it rested its decision on the ordinariness of the hardship to his family. The Board never suggested that it lacked the power to reopen sua sponte beyond the ninety-day period in appropriate cases. Rather, it held that Camacho had failed to present "extraordinary circumstances" to justify reopening. AR 4. That is a lawful reason not to reopen his case.

Second, the Board did not constrain its discretion through a "settled course of adjudication." *Sang Goo Park*, 846 F.3d at 651 (internal quotation marks omitted). Camacho claims that the Board has adopted a settled rule of reopening cases sua sponte based on new, previously unavailable evidence showing prima facie eligibility. He cites several unpublished opinions in which the Board did reopen cases sua sponte on that ground. But those opinions establish no rule. Sometimes, the Board reopens sua sponte. Other times, it does not. *See, e.g.*, *In re Oscar Eduardo Pavon-Ortiz*, 2020 WL 1169208, at *3 (B.I.A. Jan. 7, 2020); *In re Vicente Marlon Rivera-Mejia*, 2019 WL 7168748, at *1 (B.I.A. Sept. 27, 2019). So there is no settled practice of guaranteeing reopening based on new,

previously unavailable evidence. Thus, we cannot review the Board's denial of Camacho's motion.

Plus, Camacho's lack of good moral character was an independent basis to deny him relief. And the prosecutor's dismissal of the domestic-violence charge against him does not change that. The Board noted the dismissal but was not swayed by it. That judgment call was well within its discretion.

The Board neither rested on incorrect law nor bucked a settled course of adjudication. So we lack jurisdiction to review its refusal to reopen this case sua sponte. We must dismiss Camacho's petition for review.